UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND HAMILTON**                                          **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL.**                              **NO. 15-0585-JJB-EWD**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on August 23, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND HAMILTON**                                                        **CIVIL ACTION**

**VERSUS**

**CITY OF BATON ROUGE, ET AL.**                                     **NO. 15-0585-JJB-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Stay Proceedings (R. Doc. 20), pursuant to which Defendants seek an administrative stay of proceedings in this case in light of concurrent state court criminal proceedings that are pending against Plaintiff herein.

*Pro se* plaintiff, a pretrial detainee confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the City of Baton Rouge, Officer Brett Delcambre and Chief of Police Carl Dabadie. Plaintiff alleges that defendant Delcambre violated Plaintiff's constitutional rights by subjecting him to a false arrest without probable cause on July 20, 2014. Plaintiff alleges that all charges against him were thereafter dismissed on October 6, 2014. Plaintiff alleges that Officer Delcambre, in connection with the arrest and prosecution, *inter alia,* presented "false misleading and inaccurate statements and information in an affidavit," "forged two documents," "filed or maintained ... false public records," "submitted false testimony ... while under oath," and "fabricated material evidence in his initial report and affidavit." R. Doc. 1 at p. 6. Plaintiff alleges that Chief Dabadie failed in his duty to supervise the conduct of Officer Delcambre.

Whereas Plaintiff alleges that all charges arising out of the above-referenced arrest were dismissed against him on October 6, 2014, *see* R. Doc. 1 at p. 5 and R. Doc. 15-4 at p. 2, the

documentation filed in the record and other assertions made by Plaintiff directly belie that assertion. In fact, it appears that Plaintiff was "still in jail" and was in fact criminally charged – and is currently being prosecuted – pursuant to a Bill of Information executed and filed on October 6, 2014, *see* R. Doc. 20-3, in connection with one count of attempted second degree murder, one court of illegal use of a weapon and one count of domestic abuse aggravated assault arising out of the referenced arrest in July, 2014. *See id. See also* R. Doc. 15-3 at p. 7 and R. Doc. 20-4 at p. 1. Plaintiff further acknowledges that he subsequently retained private counsel in October 2014, *see* R. Doc. 15-3 at p. 9, who engaged in discovery and moved for a preliminary examination which was held in February, 2015. *See* R. Docs. 17-1 and 20-4. Thus, although the nature of the criminal charges that Plaintiff was originally arrested and booked on may have subsequently been amended or modified by state or parish officials, *see* R. Doc. 15-3 at pp. 1-2 (Plaintiff's Booking Reports), it appears clear that Plaintiff remains in confinement on pending criminal charges that arise out of his original arrest in July, 2014. Further, according to Defendants and as confirmed from a review of an attached copy of the pertinent state court Docket Sheet, Plaintiff is scheduled for trial on the pending charges in September, 2016. *See* R. Docs. 20-1 and 20-4 at p. 6.

Based upon the foregoing, the Court concludes that Defendants' Motion to Stay Proceedings should be granted. Plaintiff in this case seeks monetary damages as a result of his alleged wrongful arrest and prosecution, and the United States Supreme Court has concluded, in *Heck v. Humphrey*, 512 U.S. 477 (1994), that a plaintiff's recovery of monetary damages under § 1983 is barred if success on the claim will necessarily imply the invalidity of an outstanding criminal conviction or the plaintiff's present confinement. Under the rule announced in *Heck*, before a plaintiff may proceed under § 1983 on a claim challenging a criminal conviction or proceeding, he must be able to show that "the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87.   Whereas *Heck* addressed a plaintiff's claim for monetary damages in the context of a criminal conviction, this same concern was later addressed in the context of a pretrial detainee in *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995).   The *Mackey* Court instructed that, in the case of a pretrial detainee who has not yet been convicted, it may often be premature to determine whether the detainee's claim for monetary damages, if successful, will impact upon the validity of a subsequent criminal conviction and is therefore barred by *Heck v. Humphrey*.   In such instance, a district court "may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between" the detainee's claim and any ultimate conviction.   *See Mackey v. Dickson, supra*, 47 F.3d at 746.   *See also Wallace v. Kato,* 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, *and in accord with common practice*, to stay the civil action until the criminal case … is ended" (emphasis added)); *Busick v. City of Madison Mississippi*, 90 Fed. Appx. 713 (5th Cir. 2004) (concluding that an administrative stay, instead of a summary dismissal, should have been imposed "[b]ecause the criminal proceedings against Busick were still pending … [and] it is impossible to determine whether Busick's claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that Busick … might receive").

In the instant case. Plaintiff has asserted claims that challenge the validity of his arrest, detention and prosecution related to his upcoming criminal trial.   He asserts, *inter alia,* that there was no probable cause for the arrest and that his prosecution is based upon false and fabricated

assertions and testimony by defendant Delcambre. A successful result in Plaintiff's case may therefore impact upon the validity of any resulting criminal conviction. Accordingly, it is appropriate that proceedings in this case be administratively closed pending the resolution of Plaintiff's state criminal proceedings. In the event that Plaintiff is convicted on one or more of the charges pending against him, he may pursue a remedy for monetary damages only upon a showing that the remedy is not barred by the rule announced in *Heck v. Humphrey, supra*, as enunciated above. *See Wallace v. Kato, supra*, 549 U.S. at 394 (recognizing that "[i]f the plaintiff is ultimately convicted, and if the stayed suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit").

## RECOMMENDATION

It is recommended that Defendants' Motion to Stay Proceedings (R. Doc. 20) be granted and that proceedings in this case be **ADMINISTRATIVELY CLOSED** pending the conclusion of criminal proceedings pending against Plaintiff in state district court. It is further recommended that the Court retain jurisdiction and that Plaintiff be directed to file a motion to reopen proceedings in this case within sixty (60) days after entry of final judgment and sentence in the state criminal case, or the above-captioned proceeding may be dismissed without prejudice for failure to prosecute and/or failure to comply with a Court Order pursuant to Fed. R. Civ. P. 41(b).

Signed in Baton Rouge, Louisiana, on August 23, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**