UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND HAMILTON

                                                     CIVIL ACTION

VERSUS

                                                 NO. 15-585-JWD-EWD

CITY OF BATON ROUGE, ET AL.

## NOTICE

       Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

       In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

       ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

       Signed in Baton Rouge, Louisiana, on February 28, 2018.


                                           **ERIN WILDER-DOOMES**
                                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND HAMILTON

CIVIL ACTION

VERSUS

NO. 15-585-JWD-EWD

CITY OF BATON ROUGE, ET AL.

## REPORT AND RECOMMENDATION

Before the court is a FRCP Rule 12(b)(6) Motion to Dismiss (the "Motion to Dismiss")[1] filed by defendants, the City of Baton Rouge, Chief Dabadie, and Officer Brent Delcambre (collectively, "Defendants"). Plaintiff, Raymond Hamilton ("Plaintiff") has filed two oppositions.[2] For the reasons set forth herein, the undersigned RECOMMENDS[3] that the Motion to Dismiss[4] be DENIED.

### I.    Background

Plaintiff alleges that he was falsely arrested and imprisoned on July 20, 2014. On October 6, 2014 a Bill of Information was filed in the state district court charging Plaintiff with attempted second degree murder, illegal use of weapons or dangerous instrumentalities, and aggravated

---

[1] R. Doc. 16.

[2] R. Docs. 17 & 35. This matter was stayed and administratively closed on September 14, 2016 pending conclusion of criminal proceedings pending against Plaintiff in state district court. R. Doc. 27. On May 12, 2017, the matter was reopened and the District Judge ordered that the Motion to Dismiss be "once again referred to the Magistrate Judge for a Report and Recommendation." R. Doc. 34. Following this order, Plaintiff filed a second opposition to the Motion to Dismiss. R. Doc. 35.

[3] The Motion to Dismiss was referred to the undersigned for recommendation. *See*, R. Doc. 34.

[4] R. Doc. 16.

battery (felony).[5]  Following two continuances,[6] Plaintiff was arraigned on November 3, 2014.[7]

On August 3, 2016, Plaintiff pled guilty to one count of illegal use of a weapon.[8]

On August 26, 2015,[9] Plaintiff, proceeding *pro se*, filed a Complaint Under the Civil Rights

Act, 42 U.S.C. § 1983 (the "Complaint") alleging that Officer Delcambre violated Plaintiff's

constitutional rights by subjecting him to a false arrest and false imprisonment on July 20, 2014

without probable cause.[10]  On February 19, 2016, Defendants filed the instant Motion to Dismiss.[11]

Defendants assert that Plaintiff's Complaint should be dismissed "because the matter filed is

prescribed on its face."[12]  Specifically, Defendants contend that "a section 1983 action generally

accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of this

---

[5] Plaintiff alleges that he was "booked…on charges of second degree murder, three counts of aggravated second degree battery, obstruction of justice, illegal use of a weapon and resisting an officer" and that on October 5, 2016, "all seven charges were dismissed in Plaintiff's favor."  R. Doc. 1, ¶¶ IV(2) & (5).  However, from the Bill of Information, dated October 6, 2014, it appears Plaintiff was charged in count I with attempted second degree murder of Reginald Patton, in count 2 with illegal use of weapons or dangerous instrumentalities, and in count 3 with aggravated battery.  *See*, R. Doc. 20-3 (Bill of Information).

[6] *See*, R. Doc. 33-1 (state district court docket sheet).  An October 15, 2014 docket entry states, "Defendant Not Transported.  Reassign to October 27, 2014."  An October 27, 2014 docket entry states, "The Accused was not transported.  Reassign to November 3, 2014.

[7] R. Doc. 20-4.

[8] R. Doc. 33-1, p. 8.  Per the state court docket, the state dismissed counts I and III (attempted second degree murder and domestic abuse by aggravated assault).

[9] Defendants assert that Plaintiff filed his Complaint on November 16, 2015.  R. Doc. 16-1, p. 1.  Defendants do not explain why they utilize the November 16, 2015 date, nor do they cite to any document in the record supporting their assertion.  Plaintiff's Complaint was signed and dated by Plaintiff on August 26, 2015 and was filed in this court's electronic filing system on September 2, 2015.  R. Doc. 1.  This court applies the "mailbox rule" when determining the filing date of a pro se plaintiff's complaint.  *See*, *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995) (holding that *pro se* prisoner's Complaint pursuant to 42 U.S.C. § 1983 "should be deemed filed as of the date that he duly submitted it to prison authorities for forwarding to the clerk of court.").  However, the same result (*i.e.*, that Plaintiff's Complaint was timely filed) would obtain even if the September 2, 2015 date was utilized.

[10] R. Doc. 1, ¶¶ IV(1) & (9).  Plaintiff alleges that Officer Delcambre, in connection with the arrest and prosecution, *inter alia*, presented "false misleading and inaccurate statements and information in an affidavit," "forged two document," "filed or maintained…false public records," "submitted false testimony…while under oath," and "fabricated material evidence in his initial report and affidavit."  R. Doc. 1, ¶ IV(12).  Plaintiff alleges that Chief Dabadie failed in his duty to supervise the conduct of Officer Delcambre.  Plaintiff alleges that the City of Baton failed to adequately screen, train and supervise its law enforcement personnel (presumably Office Delcambre and Chief Dabadie).  R. Doc. 1, ¶¶ IV(24-27).

[11] R. Doc. 16.

[12] R. Doc. 16, p. 1.

action,'"[13] and that because Plaintiff filed his Complaint more than one year after the July 20, 2014

arrest, his claims are prescribed.[14]  In opposition to the Motion to Dismiss, Plaintiff contends that

he did not obtain information regarding "the exact nature of the charges and documented proof of

that which is the subject" of this civil action until after a state court motion hearing and discovery

on February 19, 2015.[15]

## II.    Law and Analysis

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal

standard set forth in Rule 8, which requires, "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a Rule 12(b)(6) motion,

a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement

to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Determining whether a complaint

states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

(citation omitted).  In determining whether it is plausible that a pleader is entitled to relief, a court

does not assume the truth of conclusory statements, but rather looks for facts which support the

elements of the pleader's claim. *Twombly*, 550 U.S. at 557.  Factual assertions are presumed to be

true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"

---

[13] R. Doc. 16-1, p. 3 (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989))

[14] R. Doc. 16, p. 3 ("plaintiff's claim appears to arise out of an incident where he was alleged arrested by the police on July 20, 2015 [sic].  Plaintiff filed his petition November 16, 2015, clearly more than a year after this incident occurred.").

[15] R. Doc. 18 (Memorandum in Opposition to Motion to Dismiss), p. 1 ("Plaintiff could not obtain discovery information until February 19, 2015 after a preliminary examination and Motion hearing on discovery and inspection."); p. 2 ("Up until February 19, 2015, Plaintiff was deprived or hindered in his ability to obtain any vital information.  Only until after the Motion hearing on discovery and inspection did he receive discovery information that enabled him to determine the exact nature of the charges and documented proof which is the subject of his civil action against the City of Baton Rouge et al.").  *See also*, R. Doc. 35-2, p. 2 ("Plaintiff discovered the nature of the charges after obtaining discovery documents on February 19, 2015.  Plaintiff's 1983 Complaint was mailed on August 26, 2015 and filed on September 2, 2015, approximately 6 months later.").

alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. "'A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense.'" *Dugas v. City of Ville Platte*, Civil Action No. 6:17-00337, 2017 WL 6521660, at * 4 (W.D. La. Nov. 11, 2017) (quoting *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977)). *See also*, *Jones v. Alcoa, Inc.*, 339 F.3d 359, 367-368 (5th Cir. 2003).

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. It is well established that federal courts borrow the forum state's general personal injury limitations period." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also*, *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed. Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under §1983 is provided by the law of the state in which the claim arose."). Under Louisiana law, the prescriptive period for Plaintiff's claim is one year. *White*, 347 Fed. Appx. at 67 (citing La. C.C. art. 3492); *Dugas*, 2017 WL 6521660, at * 5 ("Section 1983 claims are best characterized as personal injury actions; therefore, federal courts borrow the forum state's law governing the prescription of personal injury claims. In Louisiana, personal injury claims are governed by Civil Code Article 3492, which provides for a one-year prescriptive period."). *See also*, *Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts.").

Although the prescriptive period for § 1983 claims is determined *via* state law, "the accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. *See also*, *Harris*, 198 F.3d at 156-157 ("Although federal courts

look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions.").  Under the usual rule, "a section 1983 action generally accrues when a plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"  *Harris*, 198 F.3d at 157 (citing *Jackson*, 950 F.2d at 265).  However, "[a] specific rule applies with regard to the commencement of the prescriptive period for a Section 1983 claim based on false arrest allegations."  *Dugas*, 2017 WL 6521660, at * 6.[16]  The Supreme Court has held that "the statute of limitations upon which a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."  *Wallace*, 549 U.S. at 396.  In *Wallace*, the Court explained that "[t]he running of the statute of limitations on false imprisonment is subject to a distinctive rule – dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned: 'Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.'"  *Id*. at 389.  *See also*, *White*, 347 Fed. Appx. at 67-68 (explaining that "'[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.'") (citing *Wallace*); *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) ("The 'statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.'").  "[A] false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges."  *Wallace*, 549 U.S. at 389.

---

[16] The United States Supreme Court has explained that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter."  *Wallace*, 549 U.S. at 388.  Like *Wallace*, the undersigned considers Plaintiff's claims of false arrest and false imprisonment together as "false imprisonment" for purposes of the timeliness analysis.  *See*, *Spriggs v. Wiley*, Civil Action No. 11-316, 2012 WL 1143842, at * 1, n, 1 ("The complaint denominates the cause of action as both false arrest and false imprisonment.  However, because 'the former is a species of the latter,' the Court will refer only to false imprisonment.") (citing *Wallace*).

In *Spriggs v. Wiley*, Civil Action No. 11-316, 2012 WL 1143842 (M.D. La. April 4, 2012), this court found plaintiff's complaint involving allegations of false imprisonment arising under the Fourth Amendment and 42 U.S.C. §1983 untimely pursuant to the rule set forth in *Wallace*. There, plaintiff had been arrested on September 24, 2009, arraigned on January 19, 2010, and formally released from custody on May 11, 2010. *Id*. at * 1. Defendants asserted that Spriggs' May 11, 2011 suit was untimely, and Spriggs argued that his one year period for bringing his suit began to run on the date he was formally released from custody. *Id*. at * 2. Noting that, pursuant to *Wallace*, "a special rule governs the running of false imprisonment actions," the court explained that the limitations period for a false imprisonment claim "begins to run 'when the allegedly false imprisonment ends'" and that "because false imprisonment theory is premised on 'detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*....'" *Id*. at * 3 (citing *Wallace*). Further, this court explained that "[l]egal process generally begins, and thus the false imprisonment tolling begins, at arraignment." *Id*. Under the *Wallace* rule, Spriggs' suit was determined to be untimely because it was not brought within one year of his arraignment. *Id*. at * 4 ("It is undisputed he was formally arraigned on January 19, 2010, meaning his suit must have been brought within one year of that date to fit within the limitations period.").

Here, the state court docket shows that Plaintiff was arraigned on November 3, 2014.[17] Plaintiff's suit was filed on August 26, 2015, less than a year from his arraignment. Accordingly, Plaintiff's suit was timely and his claims are not prescribed.

---

[17] R. Doc. 33-1.

## III.    Recommendation

For the reasons set forth herein, the undersigned RECOMMENDS that the Motion to Dismiss[18] be DENIED.

Signed in Baton Rouge, Louisiana, on February 28, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] R. Doc. 16.